# Exhibit A

ELECTRONICALLY FILED
8/31/2017 11:56 AM
2017-CH-11918
CALENDAR: 10
PAGE 1 of 8
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIVISION

| | |
|---|---|
| KHALIL KHALIL, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. _____ |
| McGRATH COLOSIMO, LTD. d/b/a McGRATH LEXUS | ) ) JURY TRIAL DEMANDED ) |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Khalil Khalil ("Khalil" or "Plaintiff"), individually, and all behalf of all others similarly situated, and for his Class Action Complaint against Defendant McGrath Colosimo, Ltd. d/b/a McGrath Lexus, and states as follows:

**Parties, Jurisdiction and Venue**

1. Khalil is an individual who resides in Cook County, Illinois.

2. Khalil brings this action on behalf of himself and all others similarly situated.

3. Defendant McGrath Colosimo, Ltd. ("McGrath Lexus") is an Illinois corporation in good standing with its principal office located at 1250 West Division Street Chicago, Illinois 60642.

4. McGrath Lexus does business as an automobile dealership that sells and services Lexus automobiles and does business in the State of Illinois at dealerships located at 1250 West Division Street in Chicago and 500 East Ogden Avenue in Westmont.

5. This Court has personal jurisdiction over McGrath Lexus because it is domiciled

and operates business in Cook County, Illinois.

6. Venue is proper in this Court because a substantial portion of the events giving rise to the claims asserted in this Complaint occurred in Cook County, Illinois.

**Background**

7. As part of an advertising campaign, McGrath Lexus has sent unsolicited text messages to wireless phones of Plaintiff and members of the putative class without prior express written consent.

8. On or about August 14, 2017, McGrath Lexus transmitted the following text message to Plaintiff's wireless phone:



9. The message fails to state clearly the telephone number of the sender as required

2

by 47 C.F.R. §64.1200(b)(2).

10. The "from" field of the transmission is identified as 37483.

11. McGrath Lexus uses the short code 37483 to send text messages.

12. McGrath Lexus markets its automobile service in part through placing automated text messages to prospective customers' cell phones.

13. Plaintiff is the owner of a cell phone and pays the bill for his cell phone account. His cell phone number is 312-498-XXXX.

14. Plaintiff did not grant McGrath Lexus prior express written consent to send unsolicited text messages to his cell phone

15. McGrath Lexus' conduct injured Plaintiff and members of the putative class because their privacy has been violated, and they were subject to annoying and unwanted text messages that constituted a nuisance. McGrath Lexus' sent text messages to wireless numbers intruded upon the rights of Plaintiff and members of the putative class to be free from invasion of their interest in seclusion.

16. McGrath Lexus' conduct injured Plaintiff and members of the putative class because they wasted time addressing or otherwise responding to the unwanted texts to their wireless numbers.

17. On information and belief, McGrath Lexus' sent or transmitted, the same (or substantially the same) text message to wireless cellular numbers for the purpose of selling automotive maintenance products *en masse* to Plaintiff and members of the putative class without first obtaining their prior express written consent.

ELECTRONICALLY FILED
8/31/2017 11:56 AM
2017-CH-11918
PAGE 3 of 8

## Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

18. The TCPA states, in part:

It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

19. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

20. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

21. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

22. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

ELECTRONICALLY FILED
8/31/2017 11:56 AM
2017-CH-11918
PAGE 4 of 8

ELECTRONICALLY FILED
8/31/2017 11:56 AM
2017-CH-11918
PAGE 5 of 8

23. Pursuant to Illinois Code of Civil Procedure 5/2-802(a), Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

24. The proposed class which Plaintiff seeks to represent is defined as follows:

> All persons in the United States who, from August 31, 2014 to the present, received text messages on their cell phone from McGrath Lexus or some person or entity acting on behalf McGrath Lexus and did not provide McGrath Lexus their prior express written consent to receive such text messages.

25. On information and belief, McGrath Lexus used an automatic telephone dialing system to send or transmit the text message to Plaintiff's cell phone and to the cell phones of the putative class members. The device McGrath Lexus used to transmit the text messages to cellular numbers had the capacity to store or produce telephone numbers to be called using a random or sequential number generator of stored telephone numbers to transmit text messages to such numbers.

26. By sending the unsolicited text messages to Plaintiff and members of the putative class, McGrath Lexus has violated 47 U.S.C. § 227 (b)(1)(A)(iii).

27. As a result of McGrath Lexus' unlawful conduct, Plaintiff and members of the putative class suffered actual damages in the form of monies paid to receive the unsolicited text message on their wireless phones and under sections 227(b)(3)(B) are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

ELECTRONICALLY FILED
8/31/2017 11:56 AM
2017-CH-11918
PAGE 6 of 8

28. Should the Court determine that McGrath Lexus' conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the putative class.

## Class Action Allegations

29. On information and belief, there are thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

30. Plaintiff's claims are typical of the class he seeks to represent. Plaintiff and members of the putative class were the recipients of text messages through an automatic telephone dialing system and did not provide prior express written consent to receive text messages. Plaintiff's claims and the claims of the members of the putative class are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Plaintiff and members of the putative class.

31. There are questions of law and fact common to the members of the putative class. Common questions include, but are not limited to:

    a. the manner in which McGrath Lexus obtained wireless telephone numbers for Plaintiff and members of the putative class;
    b. Whether the equipment McGrath Lexus used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;
    c. Whether the conduct of McGrath Lexus violates the rules and regulations implementing the TCPA; and,
    d. Whether Plaintiff and members of the putative class are entitled to increased damages based on the willfulness of McGrath Lexus' conduct.

32. Plaintiff will fairly and adequately represent the putative class members. Plaintiff has retained counsel experienced in the prosecution of class actions. Plaintiff is committed to

vigorously prosecuting the claims presented in this petition. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

33. The questions of law and fact common to the members of the proposed class predominate over any questions of fact affecting any individual member of the proposed class.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

### Demand for Judgment

WHEREFORE, Plaintiff Khalil Khalil, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

ELECTRONICALLY FILED
8/31/2017 11:56 AM
2017-CH-11918
PAGE 7 of 8

a. Enter an order against McGrath Lexus, pursuant to Illinois Code of Civil Procedure 5/2-802(a), certifying this action as a class action and appointing Plaintiff Khalil Khalil as representative of the class;

b. Enter an order appointing the Law Office of James X. Bormes, P.C. and The Khowaja Law Firm, LLC as counsel for the class;

c. Enter judgment in favor of Plaintiff and the certified class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendant willfully violated the TCPA;

d. Award Plaintiff and the certified class all expenses incurred in this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

e. Award Plaintiff and the certified class such further and other relief the Court

deems just and appropriate.


Dated: August 31, 2017                     Khalil Khalil, individually and on behalf of all
                                           others similarly situated,


                                           By: s/ Kasif Khowaja


                                           James X. Bormes
                                           Catherine P. Sons
                                           **Law Office of James X. Bormes, P.C.**
                                           8 South Michigan Avenue
                                           Suite 2600
                                           Chicago, IL 60603
                                           33422
                                           Tel: (312) 201-0575
                                           Fax: (312) 332-0600
                                           jxbormes@bormeslaw.com
                                           cpsons@bormeslaw.com


                                           Kasif Khowaja
                                           **The Khowaja Law Firm, LLC**
                                           70 East Lake Street, Suite 1220
                                           Chicago, IL 60601
                                           Tel: (312) 356-3200
                                           Fax: (312) 386-5800
                                           kasif@khowajalaw.com

                                           Attorneys for Plaintiff

ELECTRONICALLY FILED
8/31/2017 11:56 AM
2017-CH-11918
PAGE 8 of 8