IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHALIL KHALIL, individually and on behalf of all others similarly-situated<br><br>*Plaintiff*,<br><br>v.<br><br>McGRATH COLOSIMO, LTD. d/b/a McGRATH LEXUS.,<br><br>*Defendant* | Case No.: 1:17-cv-07474<br><br>Judge: Hon. Harry Leinenweber |

**DEFENDANT MCGRATH COLOSIMO, LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (DKT. 13)**

NOW COMES the Defendant, McGRATH COLOSIMO, LTD. d/b/a McGrath Lexus ("Defendant"), by its attorneys, Eric L. Samore and John C. Ochoa of SmithAmundsen LLC, and states the following in support of its response in opposition to Plaintiff's Motion for Class Certification (dkt. 13):

**INTRODUCTION**

"One foundation of class action law is that the class representative has an obligation to represent the interests of the class in dealings with both defendant and class counsel" and, accordingly, "one purpose of the adequacy inquiry under Rule 23(a)(4) is to uncover conflicts of interest between named parties and the class they seek to represent." *In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 714–15 (7th Cir. 2015) (citing *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 880, 882 (7th Cir. 2000) *and Amchem Products v. Windsor*, 521 U.S. 591, 625 (1997)). The law in the Seventh Circuit is clear—the existence of actual, or potential, conflicts between the class representative and the class members due to a professional relationship between the

1

class representative and class counsel render the proposed class representative inadequate. *In re Sw. Airlines Voucher Litig.*, 799 F.3d at 714–16.

Plaintiff's Motion for Class Certification (dkt. 13) asserts that "Plaintiff will fairly and adequately represent the class members" and that "Plaintiff has no interests that conflict with the interests of the class members." *Id.* ¶ 10. This, however, is not true. A conflict exists in this case that renders the Plaintiff Khalil Khalil ("Khalil" or "Plaintiff") inadequate to represent the proposed class. Khalil is an attorney. He, along with his lawyers in this action, James Bormes, Catherine Sons, and Kasif Khowaja, all jointly represent a plaintiff in another pending class action lawsuit in this district captioned *Vega v. Mid-America Taping & Reeling, Inc., et al.*, No. 16-cv-08158 (N.D. Ill.) (St. Eve, J.). This joint representation makes it impossible for Khalil to act as a fiduciary for the proposed class here. This is because Khalil's interests are not focused solely on the proposed class, but rather are split between the class and class counsel. Courts in this Circuit have uniformly held that when a proposed class representative and his lawyer jointly represent clients in other litigation, that proposed class representative is not adequate, and is unable to serve as class representative. *See In re Sw. Airlines Voucher Litig.*, 799 F.3d at 713–16; *Jaroslawicz v. Safety Kleen Corp.*, 151 F.R.D. 324, 329–30 (N.D. Ill. 1993).

Defendant McGrath should not be forced to engage in costly and time-consuming class discovery when it is obvious from the outset that Khalil is an inadequate class representative. For these reasons, and those that follow, this Court should deny Plaintiff's Motion for Class Certification with prejudice or, alternatively, strike[1] the class allegations from Plaintiff's

---

[1] Although Plaintiff's Motion for Class Certification states that Plaintiff intends to incorporate a memorandum of law at a later date after "certain discovery has been completed," (dkt. 13 at ¶ 12), as explained in Section I.C below, the conflict discussed herein between Khalil and the class is fully ripe now. However, should the Court wish to defer Plaintiff's Motion for Class Certification, Defendant requests that this Court treat this opposition as a motion to strike class allegations. The Supreme Court has noted that in certain cases, the issue of whether an action may proceed as a class action is

2

Complaint.

## LEGAL STANDARD

"The class-action device was designed as an 'exception to the usual rule that litigation is conducted by and on behalf of the individual named participants.'" *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982) (citing *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). The party seeking class certification bears the burden of proving that all of the requirements of Rule 23 are satisfied. *Amchem Products*, 521 U.S. at 614. Federal Rule of Civil Procedure 23(c)(1)(A) states that "at an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."

The "party seeking class certification must "affirmatively demonstrate his compliance with [Rule 23]." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). To obtain class certification, Plaintiff must meet Rule 23(a)'s prerequisites of "numerosity, commonality, typicality and adequacy of representation" as well as demonstrate that it meets at least one of the subcategories of Rule 23(b). *See Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013). Failure to establish any one of these four factors and at least one of the alternative requirements of Rule 23(b) precludes class certification. *See Amchem Products*, 521 U.S. at 615. Since Plaintiff is proceeding pursuant to Rule 23(b)(3), in addition to the Rule 23(a) criteria, Khalil must also show: "(1) that common questions of law or fact predominate over

---

straightforward enough to decide at the pleading stage. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). Such is the case here, as the existence of a conflict between Khalil and the class is apparent from a review of the docket sheet and pleadings in the *Vega* case, and, as explained in Section I.C below, no further discovery is necessary to rule on the issue. Courts in this district have not hesitated to strike class allegations where it is apparent that no class may be certified. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) (noting that a court "need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving the class determination."); *Cholly v. Uptain Grp., Inc.*, No. 15-5030, 2017 WL 449176, at *4 (N.D. Ill. Feb. 1, 2017) (Gettleman, J.) (striking class allegations pursuant to Rule 23 motion to strike); *Alqaq v. CitiMortage, Inc.*, No. 13-5130, 2014 WL 1689685, at *5-6 (N.D. Ill. Apr. 29, 2014) (Hart, J.) (same).

questions affecting only individual class members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." Fed. R. Civ. P. 23(b)(3).[2]

**ARGUMENT**

Plaintiff's Motion for Class Certification should be denied now, with prejudice, because Khalil has a potential conflict of interest with the class he seeks to represent that renders him inadequate. As explained below, there is ample authority in this Circuit establishing that when a class representative has a professional relationship with proposed class counsel, like Khalil does here, it creates a potential conflict that is disqualifying. And, no additional discovery is necessary to make this determination, as the Seventh Circuit has held that there are no mitigating factors that can remove the cloud of a potential conflict. In addition, Plaintiff's Motion should be denied generally, as he presents no evidence establishing that the elements of Rule 23 are satisfied.

**I.  Plaintiff Khalil Cannot Meet The Adequacy Prong Of Rule 23 Because His Professional Relationship With His Lawyers Creates A Possible Conflict Of Interest Between Him And The Proposed Class**

Plaintiff Khalil's professional relationship with his lawyers makes him inadequate to represent the proposed class. Khalil, who is an attorney himself, and his lawyers in this case all jointly represent another plaintiff, Javier Vega, in another class action lawsuit captioned *Vega v. Mid-America Taping & Reeling, Inc., et al.*, No. 16-cv-08158 (N.D. Ill.) (St. Eve, J.).[3] As explained below, this joint representation creates a conflict of interest that prevents Khalil from serving as an adequate class representative.

---

[2]  To the extent this Court considers this opposition to class certification as a motion to strike class allegations, the standard is the same. *Valentine v. WideOpen W. Fin., LLC*, 288 F.R.D. 407, 414 (N.D. Ill. 2012). "The standard for evaluating whether class allegations should be stricken is the same as that for class certification . . .").

[3]  A copy of the docket sheet in *Vega* as of December 8, 2017, is attached as **Exhibit A**. The docket sheet shows that Khalil Khalil, along with James Bormes, Catherine Sons, and Kasif Khowaja, all jointly represent Javier Vega. (*Id.* dkts. 3-6.) All four attorneys' names also appear on the Complaint. (*Id.* dkt. 1).

### A. A Potential Conflict Exists Between Khalil And The Proposed Class By Virtue Of Khalil's Professional Relationship With His Lawyers

Due process and Federal Rule of Civil Procedure 23(a)(4) requires that absent class members be adequately represented by the class representative. *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 89-90 (7th Cir. 1977); *see also Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985) (noting that adequacy of representation is essential to protect due process rights of absent class members). A class representative is supposed to act as a fiduciary for the class, and ensure that class counsel is acting in the best interests of the class. *In re Sw. Airlines Voucher Litig.*, 799 F.3d at 715; *see also General Telephone Co. of Northwest, Inc. v. EEOC,* 446 U.S. 318, 331 (1980) ("the adequate-representation requirement is typically construed to foreclose the class action where there is a conflict of interest between the named plaintiff and the members of the putative class").

The most commonly cited policy justification for finding a class representative inadequate is the "possible conflict of interest resulting from the relationship of the putative class representative and the putative class attorney." *Susman*, 561 F.2d at 90-91. The Seventh Circuit in *Susman* noted that a "majority of courts" have refused to permit "class attorneys, their relatives, or business associates from acting as the class representative." *Id.* at 90. This is because when a class representative has financial or professional ties with his lawyers, it creates a conflict of interest, since the class representative's interests do not lie solely with the class, but rather are split between the class and class counsel. *Id.* at 91.

Accordingly, courts in this circuit, and in Illinois,[4] have held that conflict arises when the proposed class representative and class counsel have a professional relationship where they both

---

[4] An Illinois state court, in analyzing Illinois' adequacy requirement in 735 ILCS 5/2-801, found that a co-counsel arrangement between the proposed class representative and his lawyers created a

jointly represent clients in other litigation. For example, in *In re Sw. Airlines Voucher Litig.*, the Seventh Circuit held that a conflict exists where class counsel and the class representative jointly represented a client in other class action litigation. 799 F.3d at 715. The court, however, did not disturb the decision certifying the class, since there was another class representative who had no conflicts with the class members and who could adequately represent the class. *Id.*

In another case in this district, a court denied class certification on adequacy grounds when it was shown that named plaintiff served as co-counsel with class counsel in other litigation. *Jaroslawicz*, 151 F.R.D. at 328. The court held that this relationship created an impermissible conflict of interest, because the plaintiff's small interest in serving as class representative was dwarfed by his interest in maintaining his much more lucrative professional relationship with his lawyers. *Id.* at 329. Finally, in *Shields v. Washington Bancorporation*, No. CIV.A. 90-1101 (RCL), 1991 WL 221940, at *2 (D.D.C. Oct. 10, 1991), the court found that the proposed class representative, who jointly represented other clients with his lawyers, was inadequate, noting that the "possibility that plaintiff may benefit when his attorneys benefit—either directly by receiving future business from [class counsel] or indirectly by helping a business associate at the expense of the class—casts doubt on whether plaintiff will fairly and adequately protect the interests of the entire class."[5]

---

conflict that precluded class certification. *See Bernstein v. Am. Family Ins. Co.*, No. 02 CH 6905, 2005 WL 1613776, at *4 (Ill. Cir. Ct. July 6, 2005) (McGann. J.).

[5] Such conflicts can be found in a variety of other situations, including where the class representative and class counsel are close friends and had a previous financial relationship, *In re Discovery Zone Sec. Litig.,* 169 F.R.D. 104, 109 (N.D. Ill. 1996), where class counsel and the class representatives are close relatives, *Susman,* 561 F.2d at 95; *see also Eubank v. Pella Corp.,* 753 F.3d 718, 723 (7th Cir. 2014) *and Hale v. Citibank, N.A.*, 198 F.R.D. 606, 607 (S.D.N.Y. 2001), where the class representative is an employee of class counsel, *Susman,* 561 F.2d at 95, or where the proposed class representative was stock broker for one of his attorneys, *In re IMAX Sec. Litig.*, 272 F.R.D. 138, 155–57 (S.D.N.Y. 2010).

Plaintiff Khalil here is in the same situation as the plaintiffs in *Southwest Airlines, Jaroslawicz,* and *Shields*. Khalil has a professional relationship with his attorneys whereby he has partnered with them to prosecute another class action lawsuit. This joint representation raises a host of problems with his ability to represent the class. First, a class representative's primary duty is to ensure that the best possible result is obtained for the class members, either in a settlement or at trial. Here, however, there is a risk that Khalil will be motivated instead to maximize the attorneys' fees obtained by his lawyers (who are his co-counsels in the *Vega* case), rather than attempt to obtain maximal recovery for the class. This is because class counsel's potential recovery in attorneys' fees dwarfs the $500 that Khalil and each class member may be entitled to recover.[6] *Susman*, 561 F.2d at 95 ("there exists the possibility that one so situated will become more interested in maximizing the 'return' to his counsel than in aggressively presenting the proposed class' action."); *Jaroslawicz*, 151 F.R.D. at 330 (noting that plaintiff's maximum financial interest as a member of the class is $100 and his continued relationship with class counsel "appears very lucrative.").

There is also a risk that Khalil will be more focused on the goodwill and reputation of his lawyers, as a result of their professional relationship, rather than the class's interests. *Jaroslawicz*, 151 F.R.D. at 330; s*ee also In re IMAX Sec. Litig.*, 272 F.R.D. at 155–56 ("a conflict ... may exist if the class representative stands to benefit directly or indirectly from the goodwill of class counsel created through the class action.") (internal citation omitted). For example, the success of the Bormes and Khowaja firms in this case would serve to enhance their

---

[6] The TCPA provides for $500 in statutory damages, with a possibility of trebling of up to $1,500 if the violations are "knowing or willful." 47 U.S.C. § 227(a)(3). In TCPA class action settlements, however, class counsel often request, and are awarded, millions of dollars in attorneys' fees. *See, e.g.*, *Wilkins v. HSBC Bank Nevada, N.A.*, No. 14 C 190, 2015 WL 890566, at *11 (N.D. Ill. Feb. 27, 2015) (awarding nearly 9.5 million dollars in attorneys' fees, or approximately 25% of the amount of money recovered for the class, in a TCPA class action case).

chances of being found adequate, and obtain a large attorneys' fees award, in the *Vega* case, where Khalil jointly represents the plaintiff with Bormes, Sons, and Khowaja. Khalil's interest in his co-counsel relationship with Bormes, Sons, and Khowaja overshadows his interests to the class in this case.

> **B. Only A Potential Conflict Between Khalil And The Putative Class Members Need Be Shown To Render Khalil Inadequate—An Actual Conflict Is Not Necessary**

Defendant need not show that Khalil is planning on "selling out" the class for the benefit of his lawyers to show that Khalil cannot adequately represent a class. The law does not require an actual conflict for a class representative to be disqualified. Rather, it is the *possibility* of a conflict that renders a class representative inadequate. *In re Sw. Airlines Voucher Litig.*, 799 F.3d at 715 ("we have implicitly rejected the proposition that a showing of actual danger of conflict of interest rather than the mere possibility of a conflict of interest is required to support a finding that a fiduciary will not adequately represent the interest of others.") (citing *Susman*, 561 F.2d at 89). And, the court in *Jaroslawicz* pointed out that "the most frequently cited policy justification . . . arises from the *possible* conflict of interest resulting from the relationship of the putative class representative and the putative class attorney" 151 F.R.D. at 328. (emphasis added). Thus, it need not be established that Khalil is failing to act in the best interests of the class to find him inadequate—rather, it is the possibility that he may be conflicted by virtue of his professional relationship with his lawyers that renders him inadequate to represent the proposed class.

> **C. No Further Discovery Is Necessary For The Court To Find That Khalil Fails To Satisfy The Adequacy Prong Of Rule 23**

Finally, this Court need not defer a decision on Khalil's adequacy until additional discovery is taken, as the issue is plain enough now for a ruling. In *In re Sw. Airlines*, the

8

Seventh Circuit took up the issue of adequacy in the first instance on appeal,[7] and cited to no other evidence in finding a potential conflict aside from the fact that class counsel and the proposed class representative represented another plaintiff in another lawsuit. 799 F.3d at 715. In other words, the *Southwest Airlines* court did not base its decision on any additional evidence regarding adequacy beyond the mere existence of a co-counsel relationship.

The *Southwest Airline's* court's actions were proper given the holding in *Susman* that the possibility of a conflict, and not an actual conflict, renders a class representative inadequate. As *Susman* noted, "the factor mandating judicial inquiry is the *appearance of impropriety* inherent in plaintiff's role as representative of class members interests vis-a-vis plaintiff's business associate's desire to maximize recovery of attorney's fees from an equitable fund created by the court for the benefit of the class." 561 F.2d at 93. (emphasis added). Given this, the *Susman* court said that it was "immaterial" whether the plaintiff had taken precautions to ensure that he will not benefit in any way from an award of attorneys' fees to the class counsel. *Id.* Nor was it necessary for the *Susman* court to examine the plaintiff's motivations for bringing suit. *Id.*

Likewise here, no other examination of Khalil's motives for brining suit, nor the details of his co-counsel arrangement with class counsel, is needed for the Court to find that a potential conflict exists between Khalil and the class members. Like in *Southwest Airlines*, the co-counsel relationship between Khalil and his attorneys is all that is necessary to demonstrate the disqualifying potential conflict between Khalil and the class due to the appearance of divided loyalties. No amount of additional discovery is needed, because none would be able to mitigate the existence of this potential conflict that renders Khalil inadequate. For this same reason,

---

[7] The issue was raised by objectors in the context of an appeal of an order finally approving a class action settlement—the conflict, and adequacy issue, was not raised by the Defendant; nor was it disclosed to the Court or the class members by the plaintiff. 799 F.3d at 713-14.

Defendant should not be subjected to burdensome general, class-wide discovery when it is plain that a class can be certified.

## II. Class Certification Should Be Denied Because Plaintiff Has Failed To Meet His Burden To Show That The Remaining Elements of Rule 23 Are Satisfied

Plaintiff's Motion for Class Certification (dkt. 13) presents no evidence in support of his assertions that the elements of Rule 23(a) and (b)(3) are met, but rather states, without any supporting evidence, that all the elements are met in a conclusory fashion. This is insufficient to meet his burden under Rule 23. *See Equal Rights Ctr. v. Kohl's Corp.*, No. 14 C 8259, 2017 WL 1652589, at *2 (N.D. Ill. May 2, 2017). The *Kohls* court, in denying class certification, noted that

> Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements. As such, when reviewing a motion for class certification, a court may not simply assume the truth of the matters as asserted by the plaintiff[s], but instead must receive evidence and resolve factual disputes as necessary to decide whether certification is appropriate.

*Id.* (quoting *Balderrama-Baca v. Clarence Davids & Co.*, No. 15 C 5873, 2017 WL 951385, at *3 (N.D. Ill. Mar. 10, 2017)). Because Plaintiff presents no evidence in support of his class certification motion, he does not meet his burden in showing that any of the elements of Rule 23(a) and (b)(3) are met, and his motion should accordingly be denied.[8] And, as discussed above, this dismissal should be with prejudice, because Plaintiff is not an adequate class representative, and no amount of further discovery will change this.[9]

### CONCLUSION

---

[8] Plaintiff concedes as much, as he informs the court that he will present a memorandum in support of class certification after certain discovery takes place. (Dkt. 13 at ¶ 12.)

[9] To the extent that this Court denies Plaintiff's Motion for Class Certification without prejudice, or otherwise defers a decision on whether the elements of Rule 23 are met, Defendant does not waive, and expressly reserves, all arguments available to it to oppose the motion for class certification, as Defendant is confident that there are other factual and legal defenses that it has that preclude class certification, which Defendant will raise at the appropriate time.

Even at this early stage of the litigation, it is clear that Khalil's co-counsel relationship with his attorneys in the *Vega* case creates a potential conflict of interest that renders him inadequate to represent the putative class. For the foregoing reasons, Defendant respectfully requests that this Court deny class certification, with prejudice, and award whatever further relief it deems appropriate.

    Respectfully Submitted,

    By: /s/ Eric L. Samore
    Attorney for Defendant

Eric L. Samore ARDC # 6181345
John C. Ochoa ARDC # 6302680
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
esamore@salawus.com
jochoa@salawus.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 8, 2017, he served **DEFENDANT MCGRATH COLOSIMO, LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (DKT. 13)** on all attorneys of record. This pleading was served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x] Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: December 8, 2017.

/s/ Eric L. Samore

Eric L. Samore ARDC # 6181345
John C. Ochoa ARDC # 6302680
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
esamore@salawus.com
jochoa@salawus.com